IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHMOND REMOND § <br> on behalf of himself individually, § <br> and ALL OTHERS SIMILARLY § <br> SITUATED § <br> § <br> Plaintiffs. § <br> § <br> v. § <br> § <br> APPLIED MACHINERY CORPORATION, § <br> NABORS CORPORATE SERVICES INC., § <br> and NABORS INDUSTRIES INC. § <br> § <br> Defendants. § | | Civil Action No. <br><br><br><br> COLLECTIVE ACTION <br> (JURY TRIAL) |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**SUMMARY**

1. Applied Machinery Corporation, Nabors Corporate Services Inc., and Nabors Industries Inc. do not pay their Welders overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the FLSA). Instead, Applied Machinery Corporation, Nabors Corporate Services Inc., and Nabors Industries Inc. pays its Welders straight time, not time and a half for overtime hours worked. Because these workers are employees under the FLSA, Richmond Remond, and the other Welders are entitled to recover unpaid overtime as well as other damages, including damages for unlawful retaliation.

2. Applied Machinery Corporation, Nabors Corporate Services Inc., and Nabors Industries Inc. have been repeatedly sued for denying overtime wages in violation of the Fair Labor Standards Act.

3. Applied Machinery Corporation, Nabors Corporate Services Inc., and Nabors Industries Inc.'s conduct in continuing to violate the FLSA despite knowledge of the Act

1

constitutes a willful violation.

4. Defendants Applied Machinery Corporation, Nabors Corporate Services Inc., and Nabors Industries Inc. have a policy, enforced at all of its locations throughout the United States, denying Plaintiffs and putative class members compensation at time and a half, and paying only straight time for hours worked above forty (40) per week.

5. Defendant Nabors Corporate Services Inc. is a foreign corporation with locations throughout Texas and the United States. Nabors Corporate Services Inc. may be served with process through its Registered Agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

6. Defendant Nabors Industries Inc. is a foreign corporation with locations throughout Texas and the United States. Nabors Industries Inc. may be served with process through its Registered Agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

7. Defendant Applied Machinery Corporation is a Domestic Corporation with locations throughout Texas. It may be served with process through its Registered Agent, Erik Ostrander, at 18734 E. Hardy Road, Houston, Texas 77073.

8. Whenever in this complaint it is alleged that the named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees.

9. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA 29 U.S.C. § 203(r). Additionally, under 29 C.F.R. 791.2(b)(1)(3), when the "employers are not completely disassociated with respect to the employment of particular employees, and may be deemed to share control of the employee, directly or indirectly,

by reason of the fact that one employer controls, is controlled by or is under common control with the other employer," a joint employment relationship exists. Here, Applied Machinery Corporation, Nabors Corporate Services Inc., and Nabors Industries Inc. are joint employers as the term "joint employer" is defined by the Fair Labor Standards Act and interpreted by the United States Department of Labor. 29 C.F.R.791.2(b)(1)(2).

10. Applied Machinery Corporation manufactures drilling rigs for customers in the oil and gas industry.

11. Defendants Nabors Industries Inc. and Nabors Corporate Services Inc. provide drilling services for its customers throughout the oil and gas industry.

12. Defendant Nabors Industries Inc. and Nabors Corporate Services Inc. retained Applied Machinery Corporation to assist in building land rigs.

13. The nature of the relationship between the defendants was that Applied Machinery Corporation would pay the welders, determine their rates of pay, and designate the number of hours worked per week and assign them to work locations. Nabors Industries Inc. and Nabors Corporate Services Inc. would supervise the welders, direct their day to day activities, inspect their work and otherwise control all aspects of the work performed by the welders.

## JURISDICTION AND VENUE

14. This court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

15. Venue is proper because defendants have locations in the Southern District of Texas and many of the relevant facts occurred there.

## PARTIES

16. Richmond Remond worked for Applied Machinery Corporation, Nabors Corporate Services Inc., and Nabors Industries Inc. as a Welder. His written consent is attached.

17. The type of work performed by plaintiff was consistent with non-exempt employment under the FLSA. Defendants are therefore obligated to pay its non-exempt employees overtime under the FLSA.

18. The "FLSA Class Members" are all Welders who were hired by Applied Machinery Corporation, Nabors Corporate Services Inc., and Nabors Industries Inc. at all locations throughout the United States, while not being paid time and a half for overtime hours worked in the last 3 years.

**FACTS**

19. Richmond Remond was an employee of Applied Machinery Corporation, Nabors Corporate Services Inc., and Nabors Industries Inc.

20. Richmond Remond was not an independent contractor.

21. No exemption to the provisions of the FLSA excused defendants from its obligation under the FLSA to pay Richmond Remond and putative class members time and a half for the hours worked past forty (40) each week while employed by defendants.

22. Applied Machinery Corporation, Nabors Corporate Services Inc., and Nabors Industries Inc. paid Plaintiff Richmond Remond straight time, not time and a half, for the hours he worked above forty (40) during his employment with defendants.

23. Richmond Remond worked for Applied Machinery Corporation, Nabors Corporate Services Inc., and Nabors Industries Inc. as a Welder from June of 2014 to May of 2015.

24. The work performed by Plaintiff was the primary type of work that the defendants provide for their respective customers.

25. The work performed by Plaintiff was an essential part of the services provided for Defendants' Customers.

26. Applied Machinery Corporation, Nabors Corporate Services Inc., and Nabors Industries Inc.'s Welders relied on Defendants for their work.

27. Applied Machinery Corporation, Nabors Corporate Services Inc., and Nabors Industries Inc. determined where its Welders worked and how they performed their duties.

28. Applied Machinery Corporation, Nabors Corporate Services Inc., and Nabors Industries Inc. set Welders' hours and required them to report to work on time and leave at the end of their scheduled hours.

29. Applied Machinery Corporation, Nabors Corporate Services Inc., and Nabors Industries Inc. Welders at all locations worked exclusively for Applied Machinery Corporation, Nabors Corporate Services Inc., and Nabors Industries Inc. since they work between 10 and 12 hours a day, as a practical matter, they cannot work anywhere else.

30. Defendants' Welders are not permitted to hire other workers to perform their jobs for them.

31. Defendants' Welders do not employ staff, nor do they maintain independent places of business.

32. Welders employed by defendants are paid based upon the hours they work. They cannot earn a "profit" by exercising managerial skill, and they are required to work the hours required by Applied Machinery Corporation, Nabors Corporate Services Inc., and Nabors Industries Inc. each day.

33. The Welders employed by Defendants cannot suffer a loss of capital investment. Their only earning opportunity is based on the number of hours they were told to work, which is controlled exclusively by Applied Machinery Corporation, Nabors Corporate Services Inc., and Nabors Industries Inc.

34. Applied Machinery Corporation, Nabors Corporate Services Inc., and Nabors Industries Inc. pays Welders in return for their labor.

35. Applied Machinery Corporation, Nabors Corporate Services Inc., and Nabors Industries Inc. did not deduct taxes from the paychecks of Plaintiff and similarly situated

employees. They issued their employees 1099s.

36. Applied Machinery Corporation, Nabors Corporate Services Inc., and Nabors Industries Inc. keeps records of the hours it instructed its Welders to work. Defendants also keep records of the amount of pay plaintiffs and putative class members receive.

37. Plaintiffs and putative class members were paid directly via weekly pay check.

38. Despite knowing of the FLSA's requirements and that Plaintiff and putative class members regularly worked more than 40 hours in a workweek, Defendants paid them straight time instead of time and a half for the overtime hours that they worked.

39. Plaintiff and putative class members seek unpaid overtime wages for the three year period of time preceding the filing of this lawsuit.

## COLLECTIVE ACTION ALLEGATIONS

40. In addition to Richmond Remond, defendants employed more than one hundred (100+) other Welders at the location where Plaintiff worked and at other locations. These Welders worked over forty hours per week and were paid straight time instead of time and a half for overtime hours worked. These FLSA Class Members performed similar job duties and they were subjected to the same unlawful pay policies.

41. The FLSA Class Members are similarly situated to Richmond Remond.

42. The FLSA Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

> **All Welders who were compensated by Applied Machinery Corporation, while performing welding services for Nabors Corporate Services Inc., and Nabors Industries Inc. at all of its locations throughout the United States and received straight time instead of time and a half for overtime hours worked in the last three years.**

## CAUSE OF ACTION – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

43. By failing to pay Plaintiff and the FLSA Class Members overtime at one and one-half times their regular rates, Applied Machinery Corporation, Nabors Corporate Services Inc., and Nabors Industries Inc. violated the FLSA.

44. Applied Machinery Corporation, Nabors Corporate Services Inc., and Nabors Industries Inc. owes Plaintiff and the FLSA Class Members overtime wages equal to one-half their regular rates for each overtime hour worked during the last three years.

45. Applied Machinery Corporation, Nabors Corporate Services Inc., and Nabors Industries Inc. knew, or showed reckless disregard for whether, their failure to pay overtime violated the FLSA. Defendants' failure to pay overtime to Plaintiff and the FLSA Class Members is willful.

46. Applied Machinery Corporation, Nabors Corporate Services Inc., and Nabors Industries Inc. owes Plaintiff and the FLSA Class Members an amount equal to all unpaid overtime wages as well as liquidated damages.

47. Plaintiff and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## PRAYER

Plaintiff prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class Members;

2. Judgment awarding Plaintiff and the FLSA Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief that Plaintiff and the FLSA Class Members are justly entitled.

Respectfully submitted:

BROWN REVELES LAW GROUP

Angel S. Brown Reveles
Federal I.D. No. 3162376
State Bar No. 24077528
3102 Maple Ave., Suite 400
Dallas, Texas 75201
Phone: (469) 249-2239

Facsimile: (469) 442-0124
angel@brownreveleslawgroup.com
**Attorney For Plaintiffs**