IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHMOND REMOND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-460 |
| | § | |
| NABORS CORPORATE SERVICES INC., | § | |
| NABORS INDUSTRIES INC, and | § | |
| APPLIED MACHINERY CORPORATION, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Richmond Remond, a welder, sued Applied Machinery Corporation, Nabors Corporate Services Inc., and Nabors Industries Inc., on behalf of himself and similarly situated welders. Remond alleged that Applied Machinery and Nabors failed to compensate the welders at overtime rates, as the Fair Labor Standards Act, 29 U.S.C. § 207(a)(2), requires. Applied Machinery and Nabors moved for summary judgment, arguing that the welders' claims were time-barred. The welders responded that there are genuine factual disputes material to determining timeliness or, alternatively, that the court should deny summary judgment or defer ruling to allow discovery.

After careful review of the motion, response, reply, record evidence, and the applicable law, the court grants the summary judgment motion and enters final judgment by separate order. The reasons are explained in detail below.

**I.    The Background**

In June 2013, Nabors hired Applied Machinery to "provide repair, refurbishing, and manufacturing services to Nabors'[s] rigs." (Docket Entry No. 51-1 at 1). The services included welding. Applied Machinery began hiring welders for the Nabors work in spring 2014. (*Id.*).

Applied Machinery's work on the Nabors rigs, and the welders' work, ended in June 2015. (*Id.*).

In February 2018, the welders sued Applied Machinery and Nabors, alleging that the companies had a policy of paying welders the normal hourly rate, not time and a half, for overtime hours they worked. (Docket Entry No. 1 at 4, 6). According to the complaint, Applied Machinery "would pay the welders, determine their rates of pay, and designate the numbers of hours worked per week and assign them to work locations," while Nabors "would supervise the welders, direct their day to day activities, inspect their work and otherwise control all aspects of the work performed by the welders." (*Id.* at 3). The welders alleged that Applied Machinery and Nabors hired the welders to work between June 2014 and May 2015, for periods ranging from months to a year; required them to work between 10 to 12 hours a day; paid them per hour; and prohibited them from hiring workers themselves. (*Id.* at 4–6). The welders alleged that they neither employed staff nor maintained independent places of business. (*Id.* at 5). They asserted FLSA claims for unpaid overtime wages for the three years before they filed suit, alleging that Applied Machinery and Nabors "knew, or showed reckless disregard for whether, their failure to pay overtime violated the FLSA." (*Id.* at 7).

In February 2018, 24 individuals filed consents to the collective action: Amador Ceron; Arturo Perez; Oscar Arredondo; Conrado Valdez; Abraham Delgado; Rudy Espinal; Carlos Ibarra; Juan Jimenez; Leonardo Bernal; Christopher Ocevedo; Jose Vallejo; Abel Garza; Antonio Aguillon; Jorge Arreaga; Carlos Balderas; Juan Jose Lopez; Trinidad Landaverde; Leonel Balderas; Mario Morales; Luis Nunez; Candido Tello; Noel Hidalgo; Francisco Vega; Francisco Tobias; and one additional welder, Francisco Cruz, consented in May. (Docket Entries No. 5–25; 28–30, 34).

2

Applied Machinery and Nabors moved to dismiss two of those who filed consents in February, Conrado Valdez and Rudy Espinal, because each had settled his claims. (Docket Entries No. 46, 48). These two welders did not oppose the motion, and the court dismissed their claims. (Docket Entries No. 47, 50).

Applied Machinery and Nabors answered the complaint, denying the allegations or stating that they had insufficient information to admit or deny them. (Docket Entry No. 31). Applied Machinery and Nabors also contended that they acted in good faith and reasonably relied on U.S. Department of Labor regulations, rulings, and approvals; that the welders were independent contractors, not employees, under 29 U.S.C. § 203(e); that the claims were barred by the two-year limitations period in 29 U.S.C. § 255(a); and that some of the welders' activities were not compensable "work" under 29 U.S.C. §§ 203(o) and 254(a). (Docket Entry No. 31 at 1–4).

In August 2018, Applied Machinery and Nabors moved for summary judgment, arguing that the welders' claims were time-barred because they failed to submit or identify evidence supporting an inference that Applied Machinery or Nabors had willfully violated the FLSA. (Docket Entry No. 51 at 6). The welders responded, arguing that there were factual disputes material to determining willfulness because Applied Machinery and Nabors "have both been parties (in their individual and collective capacities) to other FLSA overtime wage suits, and have been investigated by the Department of Labor." (Docket Entry No. 52 at 4). The welders assert that, based on the nature of their work, Applied Machinery and Nabors should have known that they were employees, not independent contractors. (*Id.* at 7–9). The welders also submitted affidavits from four welders, stating that Applied Machinery and Nabors had "intentionally classified [the welders] as independent contractors to avoid paying them overtime." (*Id.* at 4). Alternatively, the welders asked

3

the court to deny or defer deciding the summary judgment motion to permit them to conduct discovery. (*Id.* at 4–5).

Applied Machinery and Nabors replied and moved to strike the welders' affidavits. (Docket Entries No. 53–54). They argued that neither the previous litigation nor the Department of Labor investigation supported an inference of willfulness and that the affidavits contained inadmissible hearsay. (Docket Entry No. 53 at 4–7; Docket Entry No. 54 at 2–5). Applied Machinery and Nabors argued that the two-year limitations period applied and barred the claims because the welders had not submitted or identified competent evidence supporting their willfulness claims.

The parties' arguments, the record, and the applicable case law are considered below.

## II. The Standards of Review

### A. Summary Judgment

"Summary judgment is appropriate only if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Vann v. City of Southaven, Miss.*, 884 F.3d 307, 309 (5th Cir. 2018) (quotation omitted); *see also* FED. R. CIV. P. 56(a). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Burrell v. Prudential Ins. Co. of Am.*, 820 F.3d 132, 136 (5th Cir. 2016) (quoting *Savant v. APM Terminals*, 776 F.3d 285, 288 (5th Cir. 2014)). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating . . . that

4

there is an issue of material fact warranting trial.'" *Kim v. Hospira, Inc.*, 709 F. App'x 287, 288 (5th Cir. 2018) (quoting *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)). While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017). A fact is material if "its resolution could affect the outcome of the action." *Aly v. City of Lake Jackson*, 605 F. App'x 260, 262 (5th Cir. 2015) (citing *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007)). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *Pioneer Expl., LLC v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Kee v. City of Rowlett, Tex.*, 247 F.3d 206, 210 (5th Cir. 2001)).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Jurach v. Safety Vision, LLC*, 642 F. App'x 313, 317 (5th Cir. 2016) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007).

**B.** **Rule 56(d)**

The welders' discovery request is a Rule 56(d) motion. FED. R. CIV. P. 56(d)(1) ("If a

nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it."); *see Mesa Underwriters Specialty Ins. Co. v. Crème de la Crème, LLC*, No. 1:13-cv-380, 2014 WL 11961973, at *4 (S.D. Miss. Oct. 1, 2014) ("The Court construes [the] . . . request for discovery as being filed pursuant to Federal Rule of Civil Procedure 56(d)."). Motions under Rule 56(d) "are 'broadly favored and should be liberally granted' because the rule is designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir 2010)); *see Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 920 (5th Cir. 1992) ("[W]hen a party is seeking discovery that is germane to the pending summary judgment motion it is inequitable to pull out the rug from under them by denying such discovery."). The motion must be granted when "the evidence requested would affect the outcome of a summary judgment motion." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 423 (5th Cir. 2016) (citing *Biles*, 714 F.3d at 895).

But nonmoving parties "requesting Rule 56(d) relief 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.'" *Biles*, 714 F.3d at 894 (quoting *Raby*, 600 F.3d at 561). The nonmoving party "must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.* (quoting *Raby*, 600 F.3d at 561); *see Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and

6

may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

## III. Analysis

### A. The Defendants' Motion to Strike Affidavits

Applied Machinery and Nabors ask the court to strike the welders' four affidavits because they contain hearsay. (Docket Entry No. 54). The welders have had over a month to respond, but they have not done so. The motion is ripe.

Federal Rule of Evidence 801 defines hearsay as a "statement" that "the declarant does not make while testifying at the current trial or hearing" and that "a party offers in evidence to prove the truth of the matter asserted in the statement." FED. R. EVID. 801(c). A statement is a "person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." *Id.* 801(a). "Testimony is considered hearsay only if the witness is testifying to a statement made by another party in order to prove or demonstrate the truth of that statement." *United States v. Bernes*, 602 F.2d 716, 719 (5th Cir. 1979). If a statement is hearsay, it "is not admissible." FED. R. EVID. 802.

Four welders, Richmond Remond, Jose Vallejo, Oscar Arredondo, and Leonel Balderas, submitted affidavits. Remond's affidavit stated:

> While working for Nabors, I asked my supervisor, Juan Hernandez, why me and some of the other guys were working so many hours and not getting paid overtime. The supervisors told me it was because we are really employees, but the company wants us to look like independent contractors to avoid paying us overtime.

(Docket Entry No. 52 at 19). Vallejo's affidavit stated: "I was with Richmond Remond when he asked our supervisor, Juan Hernandez, why we were working so many hours and not getting paid overtime. He said it was because we are really employees, but the company wants us to look like

independent contractors to avoid paying us overtime." (*Id.* at 21). Arredondo and Balderas both stated in their affidavits that they asked Juan Hernandez about the failure to pay them overtime, and Juan Hernandez told them that the company considered the welders independent contractors to avoid paying overtime. (*Id.* at 18, 20).

The welders offered these statements to prove that Applied Machinery and Nabors "intentionally" classified the welders "as independent contractors to avoid paying them overtime." (*Id.* at 4). Because the welders offered Juan Hernandez's statements to Remond, Vallejo, Arredondo, and Balderas to prove the truth of the matter asserted, his statements are stricken as inadmissible.[1] *Res. Tr. Corp. v. Starkey*, 41 F.3d 1018, 1024 (5th Cir. 1995) ("The admissibility of summary judgment evidence is subject to the same rules of admissibility applicable to a trial."). The affidavits are admissible to show that Remond, Vallejo, Arredondo, and Balderas questioned Hernandez on why they had not received overtime payment for hours worked in excess of 40 in a workweek.

B.     **The Motion for Summary Judgment**

To bring an FLSA action seeking "unpaid minimum wages, unpaid overtime compensation, or liquidated damages," a plaintiff must sue "within two years after the cause of action accrued," except that "a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). In a collective action, each plaintiff commences the lawsuit when he or she files "written consent to become a party plaintiff." 29 U.S.C.

---

[1] While Hernandez's statements might qualify for the hearsay exception for opposing party statements, *see* Federal Rule of Evidence 801(d)(2), the welders have not raised that argument. The court declines to consider it on its own, except to point out that the record does not reveal enough information to decide whether the supervisor's statements were "on a matter within the scope of [his employment] relationship." FED. R. EVID. 801(d)(2)(D).

§ 256(a)–(b).

Applied Machinery and Nabors submitted an affidavit from Applied Machinery's general manager, which listed each consenting welder's last work day:

- Francisco Cruz-Torres's last day was 2/24/2015;
- Abel Salinas Garza's last day was 5/18/2014;
- Carlos Munoz Ibarra's last day was 6/14/2014;
- Mario Mata Morales's last day was 9/22/2014;
- Christopher Acevedo's last day was 5/1/2015;
- Antonio Aguillon's last day was 5/1/2015;
- Jorge Arreaga's last day was 5/1/2015;
- Oscar Arredondo's last day was 5/23/2015;
- Carlos Balderas's last day was 5/16/2015;
- Leonel Balderas's last day was 6/20/2015;
- Leonardo Bernal's last day was 4/4/2015;
- Amador Ceron's last day was 7/4/2015;
- Abraham Delgado-Rico's last day was 5/16/2015;
- Noel Hidalgo's last day was 5/23/2015;
- Juan Jimenez's last day was 5/21/2015;
- Trinidad Landaverde's last day was 4/11/2015;
- Juan Jose Lopez's last day was 6/5/2015;
- Luis Nunez's last day was 6/27/2015;
- Arturo Perez-Barron's last day was 5/23/2015;
- Richmond Remond's last day was 5/16/2015;
- Candido Israel Tello's last day was 5/2/2015;
- Francisco Tobias's last day was 4/11/2015;
- Jose Carmen Vallejo's last day was 5/15/2015; and
- Francisco Vega's last day was 4/2/2015.

(Docket Entry No. 51-1 at 2). The welders do not dispute these last-day-of employment dates.

The welders filed this lawsuit on February 14, 2018, and most of them filed consents on that date. (Docket Entries No. 5–25). Noel Hidalgo, Francisco Vega, and Francisco Tobias filed consents on February 20. (Docket Entries No. 28–30). Francisco Cruz filed his consent on May 4. (Docket Entry No. 34). Even under the three-year limitations period, the claims of Francisco Cruz-Torres, Abel Garza, Carlos Ibarra, and Mario Morales are time-barred. The summary judgment motion is granted as to them.

9

The remaining welders have timely claims if Applied Machinery and Nabors willfully violated the FLSA by classifying the welders as independent contractors, making the limitations period three years. If not, the two-year limitations period under § 255(a) bars the welders' claims because none worked overtime for Applied Machinery or Nabors within the two years before the lawsuit was filed.

"The standard for determining willfulness is whether the employer either knew or showed reckless disregard for whether his conduct violated the FLSA." *Reich v. Tiller Helicopter Servs., Inc.*, 8 F.3d 1018, 1036 (5th Cir. 1993) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). Neither the failure to seek legal advice nor negligent or unreasonable conduct suffices to demonstrate a willful violation. *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1416 (5th Cir. 1990); *see McLaughlin*, 486 U.S. at 133 ("The word 'willful' . . . is generally understood to refer to conduct that is not merely negligent."). "The burden of showing that an FLSA violation was 'willful' falls on the plaintiffs." *Stokes v. BWXT Pantex, LLC*, 424 F. App'x 324, 326 (5th Cir. 2011) (citing *Singer v. City of Waco, Tex.*, 324 F.3d 813, 821 (5th Cir. 2003)). "Because willfulness is a question of fact, summary judgment in favor of the employer is inappropriate if the plaintiff has introduced evidence sufficient to support a finding of willfulness." *Ikossi–Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 552 (5th Cir. 2009).

Applied Machinery and Nabors contend that the welders have neither alleged facts nor submitted or identified evidence that supports an inference of willfulness. The complaint allegations are that the welders are entitled to overtime under the FLSA because they were employees, not independent contractors. (Docket Entry No. 1 at 3–7). The complaint's allegations on willfulness are conclusory: Applied Machinery and Nabors "knew, or showed reckless disregard for whether,

their failure to pay overtime violated the FLSA" and that their "failure to pay overtime to . . . is willful." (*Id.* at 7). These conclusory allegations are insufficient. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) ("[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." (quotation omitted)).

The motion for summary judgment argued the absence of evidence of willfulness. In response, the welders submitted affidavits, pointed out a previous lawsuit, and argued that the Department of Labor website listed Applied Machinery and Nabors as "repeat FLSA offenders." (Docket Entry No. 52 at 10, 12, 18–21). The affidavits show that a few of the welders questioned Juan Hernandez, an Applied Machinery supervisor, about the failure to pay them for overtime hours at the overtime rate. These affidavit statements do not support an inference that Applied Machinery or Nabors recklessly disregarded a potential FLSA violation. *See Simpson v. Nine Energy Servs., LLC*, No. H-16-836, 2017 WL 879547, at *2 (S.D. Tex. Mar. 6, 2017) ("[T]he mere fact that an employee stated an opinion that he or she was entitled to more pay, without more, is not enough to show willfulness." (citing *Ikossi–Anastasiou*, 579 F.3d at 553)).

The previous lawsuit, *Diaz v. Applied Machinery Corporation*, No. H-15-1282, 2016 WL 3568087 (S.D. Tex. June 24, 2016), was filed after the welders' employment had ended. *See Villegas v. Dependable Constr. Servs., Inc.*, No. 4:07-cv-2165, 2008 WL 5137321, at *27 (S.D. Tex. Dec. 8, 2008) ("[A] lawsuit filed in 2006 is immaterial to job classification decisions made prior to that year.").

The Department of Labor website states that the Wage and Hour Division cited Applied Machinery for two violations in 2013 and Nabors for one violation in 2013, but the website does not

describe the violations, the type of work, or the type of worker at issue. Because the violations could have been for any provision of the United States Code or Code of Federal Regulations that the Wage and Hour Division enforces, and for any of the different kinds of workers Applied Machinery or Nabors may use, the website does not support an inference that Applied Machinery or Nabors willfully violated the FLSA by failing the pay the welders overtime rates for overtime hours. *See Reich*, 8 F.3d at 1036 ("After reviewing the record as a whole we agree that the Secretary failed to present any records of the 1982 investigation from which the district court could determine that the violations underlying it were substantially similar to the violations underlying this action.").

Lastly, while not expressly argued, the welders suggest that the nature of their work should have alerted Applied Machinery and Nabors that the welders were entitled to overtime. The welders argue that, under the Fifth Circuit's "economic reality" test, *Herman v. Express Sixty-Minutes Delivery Service, Inc.*, 161 F.3d 299, 303 (5th Cir. 1998), the nature of their work qualifies them as employees under the FLSA. Under that test, a court must ask whether "the individual is, as a matter of economic reality, in business for himself or herself," and may examine "the degree of control exercised by the alleged employer; the extent of the relative investments of the worker and alleged employer; the degree to which the worker's opportunity for profit and loss is determined by the alleged employer; the skill and initiative required in performing the job; and the permanency of the relationship." *Id.* (citing *Reich v. Circle C. Invs., Inc.*, 998 F.2d 324, 327 (5th Cir. 1993)). The welders argue that they were not clearly in business for themselves because Applied Machinery and Nabors set their work hours, paid them an hourly rate, supervised their work, employed them for "several months to over a year," and otherwise controlled the welders' work and schedule. (Docket Entry No. 52 at 7).

In response, the Applied Machinery general manager stated in an affidavit that each welder:

> signed an agreement entitled "Applied Machinery Corporation Independent Subcontractor Agreement," in which the [welders] in this case agreed that they would "work independently and exercise [their] own judgment" and that [Applied Machinery] would have "no control over the means or methods of [the welders'] work." [The welders] also agreed to supply, at their own expense "all equipment, tools, materials and/or supplies necessary for the provision of services."

(Docket Entry No. 51-1 at 1–2). "[A]n employee cannot waive FLSA benefits so [an employment] agreement is material only insofar as it shows the [parties'] expectations." *Donovan v. Am. Airlines, Inc.*, 686 F.2d 267, 269 n.3 (5th Cir. 1982). But even setting aside the agreement, the welders do not identify or submit evidence, including evidence that would appear to be within their knowledge, material to determining willfulness. For example, the welders do not state whether they or Nabors or Applied Machinery provided the welding equipment, tools, materials, or supplies used in the work on the Nabors rigs.[2] Nor do the welders specify the extent to which, if at all, Nabors or Applied Machinery dictated how they were to actually perform their welding tasks. Even assuming that Applied Machinery and Nabors improperly classified the welders as independent contractors, that misclassification alone does not support an inference of willfulness. *See Zannikos v. Oil Inspections (USA), Inc.*, 605 F. App'x 349, 360 (5th Cir. 2015) ("Mere knowledge of the FLSA and its potential applicability does not suffice, nor does conduct that is merely negligent or unreasonable."); *Tran v. St. Luke's Episcopal Health Sys.*, No. H-11-0241, 2012 WL 3985219, at *2 (S.D. Tex. Sept. 11, 2012) ("It is not enough for a plaintiff to show that his employer knew about the FLSA, knew his job duties, and improperly classified him." (citing *Trans World Airlines, Inc. v. Thurston*, 469 U.S.

---

[2] In their response, the welders mentioned that Applied Machinery "provided most of the tools (investment) necessary for [the welders] to do their work," but they did not provide any information or material supporting this conclusory allegation. (Docket Entry No. 52 at 15).

111, 127–28 (1985)); *Chicca v. St. Luke's Episcopal Health Sys.*, 858 F. Supp. 2d 777, 791 (S.D. Tex. 2012) ("The only basis for . . . willfulness is that Defendant knew about the FLSA, knew of Plaintiff's job responsibilities, and improperly classified him. Such a charge is not enough to show willfulness.").

### C. The Rule 56(d) Motion

The welders argue that the motion for summary judgment was "premature" and ask the court to deny or defer deciding the motion so that discovery may proceed. (Docket Entry No. 52 at 5–6). But the welders neither "set forth a plausible basis" supporting their argument that "facts, susceptible of collection within a reasonable time frame, probably exist" nor have the welders explained "how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Biles*, 714 F.3d at 894 (quotation omitted). Their response states only that "no formal discovery has yet been conducted" and that discovery "will provide enough competent evidence to establish genuine issues of material fact." (Docket Entry No. 52 at 2, 5–6). Such "vague assertions" that discovery will produce "needed, but unspecified, facts," *Biles*, 714 F.3d at 894 (quotation omitted), are insufficient. The welders have failed to submit facts that presumably are within their own experience and knowledge and that bear on the economic-reality test. The welders assert that "a thorough review" of documents from the *Diaz* case "as well as other documents related to any other FLSA wage litigation against the defendants" could "reasonably establish that [Applied Machinery and Nabors] . . . knowingly continued to avoid paying its welders overtime wages despite the suits against them." (Docket Entry No. 52 at 10). But this assertion does not support discovery because litigation documents are typically available to the public, and the welders have not asserted otherwise.

14

On this record, the court denies the request to deny or defer ruling on the summary judgment motion for further discovery as unlikely to reveal unknown or unavailable facts sufficient for the welders to frame a response that would influence the result. Instead of identifying a basis for discovery, the welders argued that the present record contained "genuine disputes of material fact on the issues of willfulness" based on Applied Machinery's and Nabors's "long business operating histories, multiple lawsuits, and the involvement and/or investigation by the Department of Labor." (*Id.* at 16). As explained above, this is insufficient to defeat summary judgment. Summary judgment is proper on this record.

**IV. Conclusion**

The court partially grants Applied Machinery's and Nabors's motion to strike the welders' affidavits, (Docket Entry No. 54); denies the motion to deny or defer ruling on the motion for summary judgment under Rule 56(d), (Docket Entry No. 52); and grants the summary judgment motion, (Docket Entry No. 51). Final judgment is separately entered.

SIGNED on October 26, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge